B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Dipakkumar P Pravin<br>7432 Bradford Pear Dr TX-75063 | **DEFENDANTS**<br>Sidhartha Mukherjee and Sunita Mukherjee<br>3905 Kite Meadow Drive Plano, TX 75074 |
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>N/A | ATTORNEYS (If Known)<br>N/A |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>■ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>■ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Sec 523: The two debtors provided false representations and provided false documents to receive loans; they provided bank checks that bounced (not honored by their bank), and they did not include me in the list of creditors in their Chapter 13 filings, which was then converted to Chapter 7 by the court.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 103,625.00 Principal plus accrued interest |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Sidhartha Mukheriee and Sunita Mukheriee | BANKRUPTCY CASE NO.<br>23-41386 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Texas | DIVISION OFFICE<br>Bankruptcy Plano Division | NAME OF JUDGE<br>Hon Brenda T Rhoades | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>April 30, 2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Dipakkumar P Pravin | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Re: **Case Number 23-41386**

**United States Bankruptcy Court**: Eastern District of Texas

**Bankruptcy Clerk's Office:** Suire 300B, 660 North Central Expressway, Plano TX-75074

**Debtor 1:** Sidhartha Mukherjee
3905 Kite Meadow Drive Plano, TX 75074
dba Sri Laxmi Global Investment

**Debtor 2**: Sunita Mukherjee
3905 Kite Meadow Drive Plano, TX 75074
dba Dallas Creative Remodelers

**Creditor**: Dipakkumar (Dipak) Pravin
7432 Bradford Pear Dr, Irving, TX-75063

**Date**: April 30, 2024

Dear Honorable Court,

I respectfully submit the following **objections** in **Case Number 23-41386** on my behalf.

### OBJECT TO DISCHARGEABILTY UNDER §523,

I am writing to submit an objection pursuant to Section 523 of the Bankruptcy Code in the matter of the bankruptcy case of the above named two debtors (hereafter referred to as **Mukherjees**). As a creditor in this case, I have compelling evidence to suggest that the debtor borrowed money from me under false representations, constituting grounds for nondischargeability under Section 523 per my understanding.

**(A)** The Mukherjees obtained a loan from me on March-26,2021 for $25,000 as a short term loan using a signed loan contract, by providing false representations regarding a DHA (Dallas Housing Authority) project for which they needed to make initial deposit (March 22, **2021**, 2:35PM/CST Sammy, that is Mr. Mukherjee, sent me a message saying that he is getting city jobs and would like money for "initial security deposit"). Another loan through a signed contract of $30,000.00 was provided to Mukherjees on June 29, 2021; Mr. Mukherjee requested help claiming that "We have to pay $75K that is 10% of the Bid value as a

security deposit to sign the contract before 1st July". I had sent money to them using my Bank of America Account directly to their bank of America account in both cases.

Mukherjees during these talks in 2021 provided documents claiming those from DHA, however those did not originate from DHA to the best of my knowledge. These misrepresentations were material to my decision to extend credit to the Mukherjees and were made with the intent to deceive and defraud me.

I would like to note that during the two recorded 341 trustee hearings (Oct-05-2023 and Jan-05-2024) in this matter Mukherjees have accepted having taken loans from me for the DHA projects. During the Jan-05-2024 hearing, Mukherjees had agreed to provide documents proving they gave deposit to DHA, but to the best of my knowledge they have not done so.

During Jan-05-2024 341 hearing, Mukherjees also agreed that they have sent invoices to DHA, and they will provide to Trustee the copies of invoices that they had sent to DHA, but they had not provided to the Trustee to the best of my knowledge.

**(B)** I am also holding three different bank checks (two for Wells Fargo account ending #5935 and one for Chase Bank account ending #9665) signed by Mr. Mukherjee none of which were honored by their bank: they still owe me the money.

In my understanding their actions constitute a clear violation of the principles of honesty and fair dealing essential to the lending relationship. By obtaining the loan through deceitful means, the debtor has unjustly enriched themselves at my expense and caused financial harm to me as the creditor.

In accordance with Section 523 of the Bankruptcy Code, I respectfully request that the court determine the debt owed to me by the debtor to be nondischargeable. In my understanding, if they receive the discharge of my debt under this circumstance then it would contravene the purpose of the bankruptcy laws, which are designed to provide relief to honest debtors while protecting the rights of creditors against fraudulent conduct.

## OTHER OBSERVATIONS

**(1)** Mukherjees filed their Chapter 13 Bankruptcy on 7/31/2023 and at that time they did not include my name as one of the creditors. However, Mr. Mukherjee had been communicating with me till August 21, 2023 and gave assurance and various plans to pay back my money.

**(2)** During the recorded 341 trustee hearings of Oct-05-2023, Mr. Mukherjee claimed that he [Dipak Pravin] was not listed as a creditor on 7/31/2023 since he is not a creditor because it was a friendly transaction; although there is well-established & clear evidence even in their own signed documents, email/WhatsApp messages and spoken words at the trustee hearings that they owe me money.

Further, there was one more creditor who came forward during the hearing whose name was not on the Mukherjees' list. I believe they had included other creditors' names who had filed civil case against Mr. Mukherjee.

Since both above actions (1) & (2) by Mr. Mukherjee under oath were done intentionally to provide false information to the court during the bankruptcy process about money owed to me, I respectfully urge the court to reject Mukherjees request to dismiss the debt they owe to me.

I am prepared to provide supporting evidence and testimony to substantiate this objection and ensure that justice is served in this matter. Thank you for your attention to this important issue.

Respectfully,

*[signature]*

Name: Dipakkumar P Pravin

April 30, 2024

## INVESTMENT CONTRACT

This Investment Contract (the "Contract" or "Agreement") is made as of date March 26, 2021 (the "Effective Date") by and

BETWEEN

**Dipakkumar P Pravin**, 7432 Bradford Pear Dr, Irving TX-75063

AND

**Dallas Creative Remodelers** having registered office at 9221 Amberton PKWY, Dallas TX-75243 & located at 3905 Kite Meadow Drive, Plano TX-75074 is represented by Sidhartha Mukherjee

**Dallas Creative Remodelers** has obtained Contract for providing various construction services to various Government Organizations & desires to invite investment from **Dipakkumar P Pravin** in order to start execution of the said construction jobs.

THEREFORE, in consideration of the mutual promises set forth below, the Parties agree as follows:

### DESCRIPTION OF TRANSACTION

**Dipakkumar P Pravin** will invest **$25,000** (USD Twenty five Thousand) with **Dallas Creative Remodelers** as a short term loan on March 26, 2021 in the Bank account of **Dallas Creative Remodelers** for a period of 4 months. **Dallas Creative Remodelers** will use these funds towards execution of various Construction jobs mentioned above. After completion of 4 months **Dallas Creative Remodelers** will return the investment of $25,000 (USD Twenty five Thousand) to **Dipakkumar P Pravin**. **Dallas Creative Remodelers** will also pay a monthly fixed Return on Investment @2.5% on the principal amount of $25,000 to **Dipakkumar P Pravin** totaling to **$27,500**. All the transaction will be done through bank.

*INVESTOR:* **Dipakkumar P Pravin**

By: _[signature]_  Date: March 26, 2021

*CONTRACTOR:* **Dallas Creative Remodelers**

**Sidhartha Mukherjee** Authorized signatory

By: _Sidhartha Mukherjee_  Date: March 26, 2021

## INVESTMENT CONTRACT

This Investment Contract (the "Contract" or "Agreement") is made as of date June 29, 2021 (the "Effective Date") by and

*BETWEEN*

**Dipakkumar P Pravin**, 7432 Bradford Pear Dr, Irving TX-75063

*AND*

**Dallas Creative Remodelers** having registered office at 9221 Amberton PKWY, Dallas TX-75243 & located at 3905 Kite Meadow Drive, Plano TX-75074 is represented by Sidhartha Mukherjee

**Dallas Creative Remodelers** has obtained Contract for providing various construction services to various Government Organizations & desires to invite investment from **Dipakkumar P Pravin** in order to start execution of the said construction jobs.

THEREFORE, in consideration of the mutual promises set forth below, the Parties agree as follows:

**DESCRIPTION OF TRANSACTION**
**Dipakkumar P Pravin** will invest **$30,000** (USD Thirty Thousand) with **Dallas Creative Remodelers** as a short term loan on June 29, 2021 in the Bank account of **Dallas Creative Remodelers** for a period of 4 Weeks. **Dallas Creative Remodelers** will use these funds towards execution of various Construction jobs mentioned above. After completion of 4 weeks **Dallas Creative Remodelers** will return the Investment of $30,000 (USD Thirty Thousand) to **Dipakkumar P Pravin. Dallas Creative Remodelers** will also pay a fixed Return on Investment @2.5% on the principal amount of $30,000 to **Dipakkumar P Pravin** totaling to $30,750. All the transaction will be done through Bank.

*INVESTOR:* **Dipakkumar P Pravin**

By: _____   Date : June 29, 2021


*CONTRACTOR:* **Dallas Creative Remodelers**

**Sidhartha Mukherjee** Authorized signatory

By: *Sidhartha Mukherjee*   Date: June 29, 2021

| Month-Due | Due from Loan 25K Mar-26-21 | Monthy Fixed Intrest 25K Loan | Due From Loan 30K Jun-29-2021 | Monthy Fixed Intrest 30K Loan |
|---|---|---|---|---|
| Jul-26-2021 | $27,500 | $625 | $30,750 | $750 |
| Aug-26-2021 | $28,125 | $625 | $31,500 | $750 |
| Sep-26-2021 | $28,750 | $625 | $32,250 | $750 |
| Oct-26-2021 | $29,375 | $625 | $33,000 | $750 |
| Nov-26-2021 | $30,000 | $625 | $33,750 | $750 |
| Dec-26-2021 | $30,625 | $625 | $34,500 | $750 |
| Jan-26-2022 | $31,250 | $625 | $35,250 | $750 |
| Feb-26-2022 | $31,875 | $625 | $36,000 | $750 |
| Mar-26-2022 | $32,500 | $625 | $36,750 | $750 |
| Apr-26-2022 | $33,125 | $625 | $37,500 | $750 |
| May-26-2022 | $33,750 | $625 | $38,250 | $750 |
| Jun-26-2022 | $34,375 | $625 | $39,000 | $750 |
| Jul-26-2022 | $35,000 | $625 | $39,750 | $750 |
| Aug-26-2022 | $35,625 | $625 | $40,500 | $750 |
| Sep-26-2022 | $36,250 | $625 | $41,250 | $750 |
| Oct-26-2022 | $36,875 | $625 | $42,000 | $750 |
| Nov-26-2022 | $37,500 | $625 | $42,750 | $750 |
| Dec-26-2022 | $38,125 | $625 | $43,500 | $750 |
| Jan-26-2023 | $38,750 | $625 | $44,250 | $750 |
| Feb-26-2023 | $39,375 | $625 | $45,000 | $750 |
| Mar-26-2023 | $40,000 | $625 | $45,750 | $750 |
| Apr-26-2023 | $40,625 | $625 | $46,500 | $750 |
| May-26-2023 | $41,250 | $625 | $47,250 | $750 |
| Jun-26-2022 | $41,875 | $625 | $48,000 | $750 |
| Jul-26-2023 | $42,500 | $625 | $48,750 | $750 |
| Aug-26-2023 | $43,125 | $625 | $49,500 | $750 |
| Sep-26-2023 | $43,750 | $625 | $50,250 | $750 |
| Oct-26-2023 | $44,375 | $625 | $51,000 | $750 |
| Nov-26-2023 | $45,000 | $625 | $51,750 | $750 |
| Dec-26-2023 | $45,625 | $625 | $52,500 | $750 |
| Jan-26-2024 | $46,250 | $625 | $53,250 | $750 |
| Feb-26-2024 | $46,875 | $625 | $54,000 | $750 |
| Mar-26-2024 | $47,500 | $625 | $54,750 | $750 |
| Apr-26-2024 | $48,125 | $625 | $55,500 | $750 |
| Total Pro-rated Due as of April-26-2024 | $103,625 | | | |