IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| SIDHARTHA MUKHERJEE, | § | Case No. 23-41386 |
| SUNITA MUKHERJEE | § | |
| DEBTOR | § | |
| | § | |
| | § | |
| KUNTAL RAY and | § | |
| SUDIPA RAY | § | |
| | § | |
| Plaintiffs | § | |
| v. | § | ADV. PROC. NO. _____ |
| | § | |
| SIDHARTHA MUKHERJEE | § | |
| SUNITA MUKHERJEE | § | |
| | § | |
| Defendants | § | |

**COMPLAINT TO OBJECT TO DISCHARGE
AND / OR TO DETERMINE DISCHARGEABILITY OF DEBT**

TO THE HONORABLE COURT:

COMES NOW, Plaintiffs, Kuntal Ray and Sudipa Ray filing this Complaint to Object to Discharge and/or to Determine Dischargeability of Debt in the above-referenced proceedings, and Plaintiffs would respectfully show the Court as follows:

**PARTIES**

1.  Kuntal Ray is a resident of the state of Texas and creditor in this bankruptcy case.

2.  Sudipa Ray is a resident of the state of Texas and creditor in this bankruptcy case.

3.  Sidhartha Mukherjee ("Debtor," "Defendant" or "Mr. Mukherjee"), is an individual resident of Texas, is the Debtor in the above-referenced proceeding now pending before this Court, and will be served in accordance with *Fed. R. Bankr. P*. 7004.

4. Sunita Mukherjee ("Debtor," "Defendant" or "Ms. Mukherjee"), is an individual resident of Texas, is the Debtor in the above-referenced proceeding now pending before this Court, and will be served in accordance with *Fed. R. Bankr. P*. 7004.

## JURISDICTION

3. This Court has jurisdiction over this matter under 28 U.S.C. 1334 and 11 U.S.C. §§523 and 727. This matter is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2)(I) & (J). This action is brought under *Fed. R. Bankr. P*. 4004, 4007 and 7001, *et seq.*

## BANKRUPTCY PROCEEDINGS

1. On July 31, 2023 Defendants Sidhartha Mukherjee ("Mr. Mukherjee") and Sunita Mukherjee ("Mrs. Mukherjee") (collectively, the "Mukherjees") filed a petition under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court in the Eastern District of Texas. The Mukherjees failed to appear at their first meeting of creditors on September 14, 2023. Thereafter, the Chapter 13 Trustee filed a motion to dismiss the case due to the Debtors failure to appear at the meeting of creditors and failing to make their chapter 13 payments. A group of creditors also filed a motion to convert the case to chapter 7. The Debtors further failed to appear at a hearing on the motion to convert on October 19, 2023. The court, on that date, converted the case to Chapter 7. Due to the delay caused by the continuance of the meeting of creditors, the Office of the U.S. Trustee filed a motion and obtained an extension of the bar date for filing complaints under 11 U.S.C. §§523 and 727 to April 30, 2024.

## FACTS

1. The Mukherjees approached Plaintiffs and pitched a business proposition in which Plaintiffs would lend money to one of Defendants companies, Sri Laxmi Global Investment ("Sri

Laxmi Global") and also become a partial owner of Dallas Creative Remodelers ("Dallas Remodelers"), a different company owned by the Mukherjees,

2. **<u>Sri Laxmi Global Investment.</u>** In October 2019, Ray Enterprise entered into an agreement with Sri Laxmi Global in which Ray Enterprise would receive a monthly 7.5% interest return on its loan to Sri Laxmi Global for a total of thirty-six months for which certificate of deposits were issued by Sri Laxmi Global to the Plaintiffs. True and correct copies of these Certificates of Deposit and/or Receipts are attached as **Exhibit "1."** The Plaintiffs, through their solely owned company, Ray Enterprise, loaned around $270,000 into Sri Laxmi Global. Sri Laxmi Global failed to uphold the repayment terms in many aspects, but substantially failed to pay Ray Enterprise its monthly earned interest. Although a few payments were made, Sri Laxmi Global attempted to make additional payments from an account that lacked sufficient funds causing the checks to bounce and not clear its bank account.

3. To pacify the Plaintiffs when these checks bounced or were not paid in the first place, the Defendants would send screenshots of the Sri Laxmi Global bank account at Bank of America (Acct. 5491) showing substantial bank balances from which the Defendants would purportedly be able to make payment under the Sri Laxmi Global Contract. These screen shots showed the following balances in the months leading up to the Defendants filing a voluntary petition in bankruptcy:

| | |
|---|---|
| February 17, 2022 | $ 117,362.26 |
| March 7, 2022 | $ 527,326.26 |
| May 23, 2022 | $2,288,752.92 |
| June 22, 2022 | $4,248,752.92 |

A review of the bank statements at Bank of America (Acct. 5491) for SRI Laxmi Global provided by the Defendants to the Chapter 7 Trustee shows the high daily balance for the above months as follows:

COMPLAINT TO OBJECT TO DISCHARGE AND/OR TO DETERMINE DISCHARGEABILITY OF DEBT

|              |              |
|--------------|--------------|
| February 2022 | $23,478.26  |
| March 2022    | $37,850.11  |
| May 2022      | $ 2,853.96  |
| June 2022     | $ 5,269.34  |

True and correct copies of the screen shots with the falsified information are attached hereto as **Exhibit "2**." The Debtors supplied copies of the full bank statements at Bank of America (Acct. 5491) to the Chapter 7 Trustee. True and correct copies of the full bank statements for February, March, May and June 2022 are attached hereto as **Exhibit "3"** showing the daily balances for this account. At no time was the Sri Laxmi Global bank account in the above months anywhere near the amounts represented to the Plaintiffs by the Defendants.

4.  **Dallas Creative Remodelers**. Shortly after Plaintiffs loaned money to Sri Laxmi Global, the Mukherjees requested that Plaintiffs also partner with them on their construction and remodeling company, Dallas Creative Remodelers. The Mukherjees convinced Plaintiffs that Dallas Remodelers was a successful business and that it had contracts for construction work for large companies along with governmental entities. The Mukherjees informed Plaintiffs that they would bring investors in to fund projects, and in return, the investors would make a substantial return on their investment. The Mukherjees provided, what Plaintiffs believed to be true and accurate, financial and company records to back up their pitch for Plaintiffs to buy fifty (50%) percent of the company. Unbeknownst to Plaintiffs, Dallas Creative Remodelers provided altered and forged company records/documentation.

5.  On or about January 27, 2020, Ms. Mukherjees and Ms. Ray entered into a Business Purchase Agreement (the "Dallas Remodelers Contract") wherein Ms. Ray would purchase fifty (50%) percent of Dallas Remodelers for $60,000. A true and correct copy of the executed sale contract, entitled Business Purchase Agreement, is attached hereto as **Exhibit "4".** The Plaintiffs

would later learn that the Mukherjees had sold other investors a share of Dallas Creative Remodelers.

6.     Plaintiffs contributed over $200,000 to Dallas Creative Remodelers. This contribution was for the buy-in and funding for two construction projects that were supposedly in progress. These projects were to remain under Dallas Creative Remodelers, but all future projects were to be contracted under Dallas Construction Works LLC, an entity that would take the place of Dallas Creative Remodelers going forward.

7.     The Mukherjees informed, and provided documentation, that Dallas Creative Remodelers was awarded three bids with the Dallas Housing Authority ("DHA") totaling just under $3 million dollars. The work included replacing windows, flooring, and a roof for multiple DHA properties. When Plaintiffs requested updates on these projects, the Mukherjees told Plaintiffs that COVID was delaying the start of these projects. Plaintiffs have learned that these bids were fraudulent and no such bid or project exists with DHA.

8.     To bolster their fraudulent representations, Mr. Mukherjee provide several letters from a person purported to be an employee of the Dallas Housing Authority ("DHA") providing pertinent information to three different projects in which Dallas Creative Remodelers was involved dated respectively December 16, 2019, January 16, 2020 and March 26, 2021. The letters were intended to verify the existence of these projects, but were forgeries by the Defendants. Upon information and belief, the individual whose signature appears on the letters, Marvin S. Suttice, was no longer employed by the Dallas Housing Authority at the time the letters were dated and provided to the Plaintiff. True and correct copies of the forged letters provided by the Defendants to the Plaintiffs are attached here to as **Exhibit "5."**

9. To continue to keep Plaintiffs in this roller coaster scheme, the Mukherjees occasionally paid Plaintiffs a small portion to make them believe their investment would turn a profit.

10. The Mukherjees conned Plaintiffs into loaning funds to Sri Laxmi Global agreement entering in the Dallas Creative Remodelers Contract by using fraudulent documentation, statements, forged bank statements and representations for both companies. The Mukherjees failed to uphold the terms of the certificate of deposits and Dallas Creative Remodelers Contract signed between the parties.

11. Defendants made fraudulent misrepresentations to Plaintiffs. Defendants made representations related to monthly interest payments the Plaintiffs would receive, scheduled construction contracts/bids that were awarded, amongst others. These representations were made with the specific intent that Plaintiffs rely upon them, which they did so rely. Such reliance caused damages to Plaintiffs.

12. Defendants made numerous representations to Plaintiffs to induce them into investing into the ownership of Sri Laxmi Global and Dallas Creative Remodelers. Defendants made these representations knowing that they could not and would not pay Plaintiffs the contractual interest on their initial investments, knowing that Defendants did not have construction contracts with DHA or any other entities, provided forged documentation and insufficient funds to Plaintiffs. Plaintiffs reasonably relied upon these misrepresentations when making the decision to invest into these companies.

## COUNT 1    11 U.S.C. §523(a)(2)(A)

14. The Plaintiff realleges the allegations of paragraphs 1 through 12, as if fully set forth herein.

15. A discharge in bankruptcy does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

16. The Defendants are liable to the Plaintiffs for a debt obtained by actual fraud other than a statement respecting the debtor's or an insider's financial condition.

17. Defendants made fraudulent misrepresentations to Plaintiffs. Defendants made representations related to monthly interest payments the Plaintiffs would receive, scheduled construction contracts/bids that were awarded, amongst others. These representations were made with the specific intent that Plaintiffs rely upon them, which they did so rely. Such reliance caused damages to Plaintiffs.

18. Defendants made numerous representations to Plaintiffs to induce them in loaning money to Sri Laxmi Global and investing into the ownership of Dallas Creative Remodelers. Defendants made these representations knowing that they could not and would not pay Plaintiffs the contractual interest on their initial investments, knowing that Defendants did not have construction contracts with DHA or any other entities, provided forged documentation and insufficient funds to Plaintiffs. Plaintiffs reasonably relied upon these misrepresentations when making the decision to invest in these companies.

19. Accordingly, discharge of the Plaintiff's debt against the Defendant is barred by section 523(a)(2)(A) of the Bankruptcy Code.

## COUNT 2   11 U.S.C. §523(a)(2)(B)

20. The Plaintiff realleges the allegations of paragraphs 1 through 19, as if fully set forth herein.

21. A discharge in bankruptcy does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtain by use of a statement in writing, that is materially false, respecting the debtor's or an insider's financial condition on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied and that the debtor caused to be made or published with intent to deceive.

22. The acts committed by the Defendant, including transmitting forged screenshots of his company's bank account at Bank of America which was materially false respecting his financial condition, to the Plaintiffs to whom he owned a debt with the intent to deceive and to which the Plaintiff's reasonably relied.

23. Accordingly, discharge of the Plaintiff's debt against the Defendant should be barred by section 523(a) (2)(B) of the Bankruptcy Code.

## COUNT 3 U.S.C. §727(a)(5) & (7)

24. The Plaintiff realleges the allegations of paragraphs 1 through 23, as if fully set forth herein.

25. The Defendant has failed to explain satisfactorily any loss of assets or deficiency of assets to meet his liabilities or one of the corporate debtor bankruptcies.

26. Approximately one year before filing bankruptcy, Mr. Muckherjee purported to be holding $4,248,752.92 in the bank account of his company Sri Laxami Global at Bank of America (Acct. 5491) The Plaintiffs have reason to believe that the screen shot of the bank account was altered to show funds that did not exist. To the extent that the Defendants can prove their company did in fact have funds in such an amount, then the Debtors have failed to explain the loss of these assets in a satisfactory manner required of a person seeking a discharge in bankruptcy.

27. Accordingly, the Defendant's discharge should be denied pursuant to Section 727(a)(5) of the Bankruptcy Code.

## CONCLUSION

28. The Plaintiffs incorporate all of the foregoing allegations as if fully set forth herein.

29. Pursuant to the provisions of 11 U.S.C. §§523 (a) (2) (A) & (B), this Court should determine that the claim of Kuntal Ray and Sudipa Ray is nondischargeable.

30. Pursuant to the provisions of 11 U.S.C. §§727 (a) (5) and (7), this Court should determine that the Defendants should be denied a discharge in bankruptcy.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully pray that the Court enter judgment against Sidhartha Mukherjee and Sunita Mukherjee determining that the debt owed to Kuntal Ray and Sudipa Ray nondischargeable pursuant to 11 U.S.C. §§523 (a) (2) (A) and (B) of the Bankruptcy Code and/or that the Defendants Sidhartha Mukherjee and Sunita Mukherjee should be denied a discharge in bankruptcy pursuant to the provisions of 11 U.S.C. §§727 (a) (5) and (7) of the Bankruptcy Code and that the Plaintiffs be granted such other and further relief to which they may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas   75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Fax)

By:   */s/  John Paul Stanford*
         John Paul Stanford
         State Bar No. 19037350

ATTORNEYS FOR KUNTAL RAY AND SUDIPA RAY